UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER McCHESTER,

    Plaintiff,

v.

KAY BEHM, PAUL FEHRMAN,
AND BARRY WOLF,

    Defendants.

Case No. 21-12805

Honorable Laurie J. Michelson

**OPINION AND ORDER OF SUMMARY DISMISSAL [1]**

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Kristopher McChester is incarcerated at the Genesee County Jail. McChester claims that Defendants—a state court judge, prosecutor, and defense attorney in his Genesee County criminal case—committed various illegal acts resulting in his unlawful imprisonment and prosecution. The Court will summarily dismiss the complaint because the state judge and prosecutor are entitled to absolute immunity and because Plaintiff's defense attorney is not a state actor that can be held liable under § 1983.

**I. Background**

The Court understands the pro se complaint to assert that on August 23, 2021, in a state criminal proceeding in Genesee County, McChester was forced to assert for himself a "plethora of constitutional violations." (ECF No. 1, PageID.5, 7.) The claims included: illegal search and seizure, violation of double jeopardy, unnecessary delay

1

in arraignment, denial of a prompt preliminary examination, violations of judicial responsibility, discovery violations, speedy trial violations, and charging documents that failed to comply with the formal requirements. (*Id.*) McChester claims that as a result of these violations, he was entitled to dismissal of the state charges with prejudice. (*Id.*) However, McChester indicates that the prosecutor voluntarily dismissed the charges without prejudice. (*Id.* at PageID.7.)[1]

McChester claims that Defendant Fehrman, the prosecutor, committed illegal acts to maintain the unlawful prosecution; that Defendant Behm, the state judge, wrongfully allowed the illegal prosecution to persist; and that Defendant Wolf, the defense attorney, refused to adequately oppose the illegal actions. (*Id.* at PageID.7–11.)

McChester seeks dismissal of the state charges with prejudice, return of his seized vehicle and phones, and $25,000,000 in damages. (*Id.* at PageID.6.)

## II. Legal Standard

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. (ECF No. 4.) Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C.

---

[1] It appears McChester is in still in jail because he faces federal charges related to the dismissed state case. *See U.S. v. McChester*, E.D. Mich. No. 21-cr-20078.

§ 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III. Discussion

The complaint will be summarily dismissed because none of the Defendants can be held liable for the conduct alleged in the complaint under § 1983.

Start with Judge Behm. As the Supreme Court has explained, judges are absolutely immune from damages suits for their "judicial acts" as long as they have not acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Whether an action is "judicial" depends on the "nature of the act itself, i.e., whether it is a function normally performed by a judge," and "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (quoting *Sparkman*, 435 U.S. at 362). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of [the judge's] authority;" if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id*. at 12.

The conduct challenged in this case arises from Judge Behm's role in presiding over a state criminal proceeding. Any allegation that the judge acted outside the

3

bounds of the laws of the State of Michigan and the jurisdiction of the state court would be frivolous. The alleged actions or inactions of Judge Behm clearly concerned regular judicial functions during the course of a criminal case. Judge Behm is therefore immune from suit.

So is prosecutor Fehrman. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). The Sixth Circuit has explained:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who performs the investigative functions normally performed by a detective or police officer such as searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal quotation marks and citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). All the alleged actions concerning Fehrman involved his role as the prosecutor in McChester's state criminal case. Fehrman is immune from liability for his actions in prosecuting McChester.

Finally, defense attorney Wolf is also subject to dismissal. McChester claims that Wolf failed to act in response to the alleged illegal acts of the two other Defendants But it is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Thus, Wolf cannot be held liable under § 1983.

## IV. Conclusion

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss the complaint because Defendants Behm and Fehrman are absolutely immune from suit for the conduct alleged in the complaint and Defendant Wolf, a non-state actor, is not subject to suit under § 1983.

SO ORDERED.

Dated: March 11, 2022

                                                            s/Laurie J. Michelson
                                                            LAURIE J. MICHELSON
                                                            UNITED STATES DISTRICT JUDGE